IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ARTURO JACQUEZ, § | |
| Plaintiff, § | |
| § | |
| v. § | NO.  3:12-CV-00370-ATB |
| § | (by consent) |
| CAROLYN W. COLVIN, § | |
| ACTING COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION,[1] § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision.  Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act and Disability Insurance Benefit ("DIB") under Title II of the Social Security Act.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties have consented to trial on the merits before a United States Magistrate Judge.  The case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas.  For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

**I. PROCEDURAL HISTORY**

Plaintiff Arturo Jacquez filed applications for SSI and DIB on November 13, 2009, alleging

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

disability due to diabetes and vision problems. (R.30, 68, 69, 151, Doc. 18:5-7).[2]  His applications were initially denied on January 28, 2010, and denied again upon reconsideration on March 5, 2010. (R. 56, 70).  A hearing was then requested by Plaintiff, and it was subsequently held on January 25, 2011, before an Administrative Law Judge ( "ALJ").  (R. 22-49).  The hearing was held remotely via video, during which Plaintiff and Pamela Bowman, a vocational expert, testified. (R. 24, 45, 85).

On April 21, 2011, the ALJ issued a decision finding that Plaintiff was not disabled. (R. 10-17).  The ALJ found that Plaintiff had the following severe impairments: diabetes mellitus and chronic low back pain. (R. 12).  The ALJ determined that Plaintiff had the residual functional capacity to perform the full range of medium work and retained the ability to perform his past relevant work as a milk products laborer and warehouse supervisor. (R. 14-16). Plaintiff's request for review was denied by the Appeals Council on July 18, 2012.  (R. 1-3).

Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).  On September 17, 2012, Plaintiff submitted his motion to proceed *in forma pauperis*.  (Doc. 1).  His motion was granted on September 20, 2012, and on the same day Plaintiff filed his complaint. (Doc. 4, 5).  The Commissioner filed her answer on December 3, 2012. (Doc. 13).  On January 3, 2013, Plaintiff filed his brief in support of his claim and the Commissioner filed her reply brief on January 31, 2013. (Doc. 18, 21).  This case was transferred to this Court on January 23, 2013.  (Doc. 20).

## II.  FACTUAL BACKGROUND

Plaintiff, who was born on January 24, 1955, was fifty-four years old at the time of the

---

[2] Reference to court documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])."  Reference to the record of the administrative proceedings is designated by "(R. [page number(s)])."

alleged disability onset, and was fifty-six years old at the time of the ALJ's decision. (R. 138). Plaintiff has a tenth grade education and worked as a fork lift mechanic, a milk products laborer, and a warehouse worker in the past. (R. 27, 152).

Plaintiff testified that he can no longer work due to his diabetes, which causes pain in his back, shoulder, arms, and legs. (R. 30). Plaintiff further testified that he has high blood pressure, high cholesterol, and tingling in his feet. (R. 30). He stated that he has reduced vision and has lost most of his teeth due to diabetes. (R. 41). He also experiences finger cramping due to his arthritis. (R. 30). In addition, he suffers from depression, constant headaches, and loss of short-term memory. (R. 38-40). He also reported experiencing sleepiness and dizziness as side effects of his medication. (R. 33). As a result, Plaintiff has to lie down about four times a day, for up to one and a half hours each time. (R. 33-34).

Plaintiff estimated that he can only walk two blocks before he needs a break, that he can only stand for about thirty minutes, and that he can only sit for about thirty minutes before he has to get up and stretch. (R. 36-37). Plaintiff also stated that because of the pain in his back and arms, he could not lift objects heavier than ten pounds. (R. 37).

### III. ISSUES

Plaintiff presents the following issues for review:

1. Whether the ALJ's determination that Plaintiff's depression is not a severe impairment constitutes legal error. (Doc. 18:3-5).

2. Whether the ALJ's residual functional capacity determination is supported by substantial evidence. (Doc. 20:5-8).

## IV.  DISCUSSION

**A.     Standard of Review**

This Court's review of the Commissioner's decision to deny benefits is limited to two inquires: (1) whether the decision is supported by substantial evidence, and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.  *Myers v. Apfel,* 238 F.3d 617, 619 (5th Cir. 2001), citing *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied,* 514 U.S. 1120 (1995); 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  A finding of "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Johnson v. Bowen,* 864 F.2d 340, 343–344 (5th Cir. 1988) (per curiam) (citing *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983)).

The determination of whether there is substantial evidence to support the fact findings of the Commissioner does not involve reweighing the evidence, or trying the issues de novo. *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000); *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance.  *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir. 1988).  Conflicts in the evidence are for the Commissioner and not the courts to resolve.  *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir.1990)).

The court's role is to "scrutinize the record in its entirety to determine whether substantial evidence supports" the Commissioner's findings. *Randall v. Sullivan,* 956 F.2d 105, 109 (5th Cir. 1992) (citing *Ransom v. Heckler,* 715 F.2d 989, 992 (5th Cir. 1983) (per curiam)). "The role of the courts in this quintessentially administrative process is extremely narrow" and "the Commissioner's decision is granted great deference." *Lewis v. Weinberger,* 515 F.2d 584, 586 (5th Cir. 1975); *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995). If the Commissioner applied the proper principles of law and his findings are supported by substantial evidence, they are conclusive and must be affirmed. *Spellman v. Shalala,* 1 F.3d at 360. Conversely, if the Commissioner's findings are not supported by substantial evidence, or the Commissioner incorrectly applied the law, the reviewing court may, *inter alia,* reverse the Commissioner's decision and remand the case for further proceedings. *Murkeldove v. Astrue,* 635 F.3d 784, 792 (5th Cir. 2011).

**B.    Evaluation Process**

"Disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Sinayi v. Astrue*, No. 3:11-CV-2770-D, 2012 WL 3234414, at *2 (N.D. Tex. Aug. 9, 2012) (quoting 42 U.S.C. § 423(d)(1)(A)). In determining disability, the ALJ makes his findings according to a sequential five-step evaluation. 20 C.F.R. § 404.1520; *Id.* § 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis. *Greenspan v. Shalala*, 38 F.3d at 236.

In the first step, the ALJ determines whether the claimant is currently engaged in substantial

5

gainful activity. 20 C.F.R. § 404.1520(a)(4)(i); *Id.* § 416.920(a)(4)(i). "Substantial gainful activity" means the performance of work activity involving significant physical or mental abilities for pay or profit." *Newton*, 209 F.3d at 452-53 (citing 20 C.F.R. § 404.1572(a)-(b)). An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of his medical condition or his age, education, and work experience. 20 C.F.R. § 404.1520(b); *Id.* § 416.920(b).

The ALJ then determines under the second step whether the claimant has a medically determinable physical or mental impairment that is severe or a combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *Id.* § 416.920(a)(4)(ii); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101. Any application of this standard will be presumed incorrect unless "the correct standard is set forth by reference to this opinion (*Stone*) or another of the same effect, or by an express statement that the construction we give to [the regulation] is used." *Id.* at 1106. An individual who does not have a "severe impairment" will not be found to be disabled. 20 C.F.R. § 404.1520(c); *Id.* § 416.920(c).

Under the third step, an individual who has an impairment that meets or is medically equal to the criteria of a listed impairment in Appendix 1 of the regulations will be considered disabled without the consideration of vocational factors. 20 C.F.R. § 404.1520(d); *Id.* § 416.920(d). If the claimant does not qualify under the Listings, the evaluation proceeds forward. 20 C.F.R. § 404.1520(e); *Id.* § 416.920(e).

6

Before commencing the fourth step, the ALJ assesses the claimant's residual functional capacity, which is the claimant's maximum work capability. *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005); 20 C.F.R. § 404.1520(e); *Id.* § 416.920(e). The ALJ then proceeds to step four and uses the claimant's residual functional capacity to determine whether the impairment prevents the claimant from performing his past relevant work.[4] 20 C.F.R. § 404.1520(f); *Id.* § 416.920(f). If an individual is capable of performing the work he has done in the past, a finding of "not disabled" will be made. 20 C.F.R. § 404.1520(f); *Id.* § 416.920(f).

If an individual's impairment precludes him from performing his past relevant work, the fifth and final step evaluates the claimant's ability to do other work given his residual capacities, his age, education, and work experience. 20 C.F.R. § 404.1520(g); *Id.* § 416.920(g). If an individual's impairment precludes him from performing any other type of work, he will be found to be disabled. 20 C.F.R. § 404.1520(g); *Id.* § 416.920(g).

An individual applying for benefits bears the initial burden of proving that he is disabled for purposes of the Social Security Act. *Selders v. Sullivan*, 914 F.2d at 618 (5th Cir. 1990).; *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). The claimant bears the burden of proof on the first four steps of the sequential analysis, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of the opinion testimony

---

[4] Past relevant work is work that was done by the claimant within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it. 20 C.F.R. § 416.960(b)(1).

of vocational experts or by the use of administrative guidelines provided in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). The Commissioner must demonstrate that other work exists in significant numbers in the national economy that the claimant can do given the claimant's residual functional capacity, age, education, and work experience. *Id.* at 1153. If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work. *Anderson v. Sullivan*, 887 F.2d at 632.

C. **The ALJ's Decision**

The ALJ issued a decision on April 21, 2011. (R. 10-17). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 30, 2009, the alleged onset date. (R. 12). At step two, the ALJ determined that Plaintiff had the following severe impairments: diabetes mellitus and chronic low back pain. (R. 12). Plaintiff alleged disability due to depression but the ALJ found it was unsupported due to the lack of medical records indicating Plaintiff had ongoing treatment or counseling for depression and the fact that no treating or examining physician had made a definitive diagnosis of depression. (R. 13). In fact, a consultative examination performed on December 31, 2009, was entirely negative for symptoms of depression. (R. 13).

Under step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 12).

Next, the ALJ then determined that Plaintiff has the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c) and § 416.967(c). (R. 14). Based on Plaintiff's residual functional capacity and the vocational expert's testimony, the ALJ

concluded at step four that Plaintiff could perform his past relevant work as a milk products laborer and as a warehouse supervisor. (R.16). Accordingly, the ALJ ruled that Plaintiff was not disabled within the meaning of the Social Security Act. (R.17).

## V. ANALYSIS

Plaintiff claims that the ALJ failed to properly evaluate his mental impairment in accordance with 20 C.F.R. § 404.1520(a). Plaintiff reported that he gets depressed, has short term memory, gets very anxious, has problems sleeping, and no longer goes out socially. (Doc. 18:4). Plaintiff also argues that a consultative psychological examination should have been conducted to properly assess his alleged depression. (Doc. 18:4). In addition, Plaintiff claims that the residual functional capacity determination was not supported by substantial evidence because it failed to reflect all of his limitations. (Doc. 18:6). Specifically, Plaintiff argues that the ALJ failed to accommodate his limitations related to diabetic peripheral neuropathy, which affects his arms, shoulders, legs, and vision.[5] (Doc. 18:7).

The Commissioner responds that Plaintiff failed to provide any medical evidence to substantiate his allegation of depression. (Doc. 21:5). As such, a consultative psychological examination was not necessary. (Doc. 21:7-8). With respect to the residual functional capacity determination, the Commissioner states that the ALJ's determination is supported by substantial evidence. (Doc. 21:8-10).

---

[5] Plaintiff's Brief also makes one reference to the ALJ's failure to include all limitations regarding Plaintiff's obstructive pulmonary disease, but the Court's review of the medical record did not find any reference to that disease. (Doc. 18:8). As such, the Court will not address that issue.

**A.      The ALJ Properly Found that Plaintiff's Depression is Not a Severe Impairment.**

          **1.      Plaintiff failed to meet his burden of proving that his depression is medically determinable.**

The burden of establishing disability within the meaning of the Social Security Act lies upon the claimant; there is no burden on the Commissioner to prove the absence of a claimant's alleged impairments. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991). The claimant has the initial burden of proving that he is disabled throughout the first four steps of the five-step review. *Greenspan v. Shalala*, 38 F.3d at 236. A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

The finding of an impairment must be demonstrated by medically acceptable clinical and laboratory diagnostic findings. 42 U.S.C. § 423(d)(3), (d)(5); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985); *Randall v. Astrue*, 570 F.3d 651, 657 (5th Cir. 2009). In the absence of any objective medical diagnostic findings, the agency does not possess the discretion to base a finding of impairment on the claimant's subjective complaints. 20 C.F.R. 404.1508. Under the regulations, an impairment is medically determinable if it "result[s] from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. § 416.908. This evidence includes observations made by the physician during physical examinations and is not limited solely to laboratory findings or test results. *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

The Social Security Administration has specific regulations governing the evaluation of the severity of a claimant's mental impairment that conform with *Stone*. 752 F.2d at 1101; 20 C.F.R. § 416.920a. The ALJ first considers whether a claimant has a medically determinable mental impairment. *See* 20 C.F.R. § 416.920a(b)(1). The ALJ must specify the symptoms, signs, and laboratory findings that substantiate the presence of each impairment. *Id.*; *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001). Then, the ALJ must evaluate the degree of functional loss resulting from the claimant's mental impairments. 20 C.F.R. § 416.920a(b)(2).

If an impairment is found, the regulations require that the ALJ use a special psychiatric review technique ("special technique") that involves identifying each mental impairment specifically, rating the degree of functional limitation resulting from each impairment in four broad functional areas, and using those ratings to determine the severity of each impairment. 20 C.F.R. § 416.920a(c)(3). The ALJ must document his application of the special technique throughout the process and must include a specific finding of the degree of limitation in each of the functional areas described. 20 C.F.R. § 416.920a(e).

After the ALJ rates the degree of functional limitation resulting from any mental impairment, the ALJ determines the severity of such impairment. 20 C.F.R. § 416.920a(d). If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment is not severe at step two of the sequential evaluation process, generally concluding the analysis and terminating the proceedings. 20 C.F.R. § 416.920a(d)(1). If the degree of functional loss is "severe," the ALJ continues the evaluation process and moves on to step three.

This special analysis is undertaken only if the Plaintiff establishes he has a medically determinable mental impairment. 20 C.F.R. § 416.920a. In his brief, Plaintiff argues that there is

11

evidence of a mental impairment that prevents him from working, and the impairment is severe and significant. (Doc. 18: 3). However, the only evidence available to the Court regarding Plaintiff's depression is his verbal testimony during the administrative hearing on January 25, 2011. (R. 38).

The Plaintiff stated in his testimony during the administrative hearing that he has depression. (R. 38). However, Plaintiff did not provide any objective medical evidence to support his allegation. As the ALJ pointed out, there were no medical records documenting any ongoing treatment or counseling for his depression. (R. 13). Neither has any treating or examining physician of Plaintiff made a definitive diagnosis of depression. (R. 13). Additionally, in the Function Reports dated December 3, 2009, and February 23, 2010, and the Disability Reports dated February 9, 2010, and February 10, 2010, Plaintiff never reported that he had depression. (R. 189-213). On the contrary, even though Plaintiff stated that he felt "more stressed," he considered himself "[doing] well" in handling stress and changes in routine. (R. 195).

In light of the various inconsistencies between Plaintiff's testimony and his Function and Disability Reports, and the Plaintiff's failure to provide any objective medical evidence or diagnosis, the Court holds that the Plaintiff failed to establish that his depression was a medically determinable mental impairment. The Court affirms the ALJ's findings that Plaintiff's alleged depression was not medically determinable as defined in the Social Security Act.

### 2. Plaintiff failed to raise the "requisite suspicion" that a consultative psychological examination was necessary.

Plaintiff argues that his allegation of depression entitles him to a consultative evaluation. (Doc. 18:5). The decision to have a consultative evaluation is discretionary on the part of the ALJ but this discretion may be limited where a claimant raises the "requisite suspicion" that such an

evaluation is necessary for the ALJ to make a full inquiry. *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989). A consultative evaluation becomes "necessary" only when the claimant presents evidence sufficient to raise a suspicion concerning an impairment. *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987). Isolated comments about a claimant's impairment, viewed within the context of the whole record, are insufficient to raise suspicion of a mental impairment. *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989); *Domingue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004).

In the case at bar, Plaintiff failed to provide sufficient evidence to trigger the "requisite suspicion" entitling him to a consultative evaluation. There were no objective medical findings supporting Plaintiff's allegation of depression. The only reference to his depression was made during the administrative hearing. Plaintiff's statement, "I got depression," constitutes an isolated comment and did not raise the "requisite suspicion" necessary to trigger a consultative evaluation. (R.38). The ALJ did not err when he failed to order a consultative psychological evaluation.

**B.     The ALJ's RFC Determination is Supported by Substantial Evidence**

Plaintiff argues that the ALJ failed to accommodate all of his limitations in the residual functional capacity determination and that the determination is not supported by substantial evidence. (Doc.18:5). In response, the Commissioner argues that the medical records contain substantial evidence supporting the ALJ's determination. (Doc. 21:8-9).

Plaintiff claims that he could not work because his diabetes causes pain in his back, arms, legs, and causes tingling in his feet. (Doc. 18:6). He testified he has blurry vision, high blood pressure, and high cholesterol, along with his arthritis. (R. 30-31). As a result, Plaintiff cannot walk more than two blocks before he needs a break; he can only stand for about thirty minutes; he can only sit for thirty minutes before he has to get up and stretch; and he cannot lift objects weighing

more than ten pounds. (R. 36-37).

However, the objective record in evidence conflicts with these claims. According to the physical examination conducted by Dr. Augustine O. Eleje in December 2009, Plaintiff was found to have a normal gait and station, intact hand strength, full range of extremity motion, and no abnormal movements. (R. 236). Based in part on these findings, Dr. Eleje concluded that Plaintiff "has no limitations with sitting, standing, moving about, handling objects, lifting, carrying, hearing, [and] speaking." (R. 236). In addition, a medical history report prepared by Juanita Capouch, a nurse practitioner at San Vicente Clinic, in November 2010, reflects that Plaintiff had no sensory exam abnormalities, no cardiovascular symptoms, no psychological symptoms, no gastrointestinal symptoms, and no neurological symptoms during clinic visits occurring between June 1, 2010, and November 5, 2010. (R. 256-260). Furthermore, a record from the San Vicente Clinic shows that Plaintiff's blood pressure was well controlled, with readings of 104/68 and 106/72.[7] (R. 256, 259). Also, despite Plaintiff's allegations of pain, Plaintiff's pain level was recorded as "0" on a scale of 0 to 10 during one of those visits to the clinic. (R. 256).

Additionally, Plaintiff claimed that his vision became blurry due to diabetes. (R.41). However, Dr. Eleje's examination shows that Plaintiff has uncorrected 20/50 vision and that he only needs to wear glasses for reading. (R. 195, 236). Likewise, Plaintiff claimed that he suffered from loss of short-term memory and stated that he needs his daughter to remind him to take his medication. (R. 39). However, in the Function Report dated December 3, 2009, Plaintiff stated that he needed no such reminders. (R. 191).

---

[7]Measurements above 140/90 denote high blood pressure/hypertension. National Library of Medicine, http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001502/

While an ALJ must take into account a claimant's subjective allegations of pain in determining his residual functional capacity, the claimant must produce objective medical evidence of a condition that reasonably could be expected to produce the level of pain alleged. *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989). The mere existence of pain does not automatically create grounds for disability, and subjective evidence of pain will not take precedence over conflicting medical evidence. *Id.* The ALJ reviewed the evidence and concluded that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of these symptoms was not credible to the extent it was inconsistent with the residual functional capacity determination. (R.14). Thus, the ALJ found the objective medical evidence more persuasive than Plaintiff's testimony at the hearing. This Court gives great deference to the ALJ's residual functional capacity determination because it is "precisely the kind of determination that the ALJ is best positioned to make." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

Moreover, the Court stresses that the relevant question for review is whether the ALJ's decision is supported by substantial evidence, not whether the record contains evidence to support the Plaintiff's allegations of impairments. *See Navarro v. Colvin*, No. A-12-CV-040-LY-AWA, 2013 WL 1704795, at *3 (W.D. Tex. Apr. 19, 2013) (citing *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997)). The determination of whether there is substantial evidence to support the fact findings of the Commissioner does not involve reweighing the evidence, or trying the issues *de novo*. *Newton,* 209 F.3d at 452. Conflicts in the evidence are for the Commissioner and not for this Court to resolve. *Spellman*, 1 F.3d at 360.

After examining the record and the ALJ's opinion, the Court finds substantial evidence supports the ALJ's residual functional capacity determination.

15

## VI.  CONCLUSION

For the reasons set above, the Court concludes that the ALJ properly evaluated Plaintiff's allegation of depression, and that the ALJ's RFC determination is supported by substantial evidence. Based on the foregoing, it is hereby **ORDERED** that the decision of the Commissioner is **AFFIRMED**.  A separate judgment in accordance with this Memorandum Opinion will issue this date.

**SIGNED** and **ENTERED** on October 2, 2013.

_____
ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE